IN THE SUPREME COURT OF THE STATE OF DELAWARE

CISION US, INC., §
§
Defendant/Counterclaim § No. 154, 2025
Plaintiff Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ C.A. No. N24C-02-178 [CCLD]
RSM US LLP, §
§
Plaintiff/Counterclaim §
Defendant Below, §
Appellee. §

Submitted: April 14, 2025
Decided: May 19, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal and the exhibits attached thereto, it appears to the Court that:

(1) Cision US, Inc. ("Cision") and RSM US LLP ("RSM") entered into an agreement for RSM to upgrade Cision's software systems. After not receiving full payment for its work, RSM filed a breach of contract action against Cision. Cision alleged that RSM's work was defective and asserted counterclaims for breach of contract, breach of warranty, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. RSM moved to dismiss Cision's counterclaims.

Cision opposed dismissal and, in the alternative, moved for leave to amend the counterclaims.

(2)     In a bench ruling, the Superior Court dismissed Cision's counterclaims for breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing.  The court held that the breach of contract claim was duplicative of the breach of warranty claim, the unjust enrichment claim was also duplicative, and the implied covenant claim failed to state a separate and distinct claim.  The court granted Cision's motion to amend solely for the breach of warranty claim.

(3)     Cision moved for reargument.  Cision also applied for certification of the court's dismissal of its breach of contract claim and denial of its cross-motion to amend the breach of contract claim.  RSM opposed the motion and application.  The Superior Court denied Cision's motion for reargument and application for certification.

(4)     In denying certification, the Superior Court first found that the issue of contract interpretation raised by Cision was not a substantial issue meriting interlocutory review.  The court next considered the Rule 42(b)(iii) criteria identified by Cision as supporting certification.  As to Rule 42(b)(iii)(B) (conflicting trial court decisions on the question of law), the court found that the exercise of discretion by some courts to decline dismissal of duplicative claims did not evidence a conflict

2

among trial courts on a question of law. The court rejected Cision's reliance on Rule 42(b)(iii)(G) (review of the interlocutory order may terminate the litigation) because the addition of Cision's breach of contract claim would not terminate the litigation. Turning to Rule 42(b)(iii)(H) (review of the interlocutory order may serve considerations of justice), the court concluded that Cision failed to identify any injustice necessitating urgent resolution. Finally, the court found that the benefits of interlocutory review would not outweigh the likely costs because such review would disrupt the litigation, cause delay, and waste scare resources.

(5) Applications for interlocutory review are addressed to the sound discretion of this Court.[1] In the exercise of our discretion and giving due weight to the Superior Court's view, we conclude that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). We agree with the Superior Court that the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review. Exceptional circumstances that would merit interlocutory review do not exist,[2] and the potential benefits of interlocutory review do not outweigh the inefficient, disruption, and probable costs caused by an interlocutory appeal.[3]

---

[1] Supr. Ct. R. 42(d)(v).
[2] *Id.* 42(b)(ii).
[3] *Id.* 42(b)(iii).

3

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice